OPINION
{¶ 1} Plaintiff-appellant Valerie Clinard ("Valerie") brings this appeal from the judgment of the Court of Common Pleas of Crawford County, Domestic Relations Division, granting extended visitation to defendant-appellee Clark Clinard ("Clark").
 {¶ 2} On February 27, 2006, the trial court granted a divorce to Valerie and Clark. Valerie was named residential parent and Clark was granted extended visitation, including the first three weekends of each month from Thursday after school until Sunday at 6:00 p.m. during the school year, Tuesday and Thursday evenings until 7:30 p.m. during the weeks Clark does not have weekend visitation and from 9:00 a.m. until 8:00 p.m. on Saturdays in which two weekends without visitation occur in a row. The trial court then ordered that Valerie pay one half of the marital debt. Valerie appeals from this judgment and raises the following assignments of error.
The trial court erred in awarding extended companionship time,or visitation, to [Clark].
 The trial court erred by requiring [Valerie] to pay half ofthe financial obligations of the marriage.
 {¶ 3} This court notes that Clark has not filed a brief in opposition to Valerie's appellate brief. "If an appellee fails to file the appellee's brief within the time provided by this rule, * * * in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).
 {¶ 4} Valerie's first assignment of error claims that the trial court erred in granting extended visitation. Valerie refers to an extensive amount of evidence, including testimony from Clark's own witnesses and from the trial court's own investigator, indicating why extended visitation is not appropriate. Specifically, Valerie raises concerns about the condition of Clark's home and Clark's conviction for domestic violence. This court is concerned by the magistrate's evaluation of this evidence. The magistrate "explained" Clark's domestic violence conviction as either an "accident" or as "discipline."[1] The magistrate then held that Clark's home was basically uninhabitable and was little more than "an Appalachian shack." The magistrate then opined that people can still be happy living in such a dwelling. While this may be true, such happiness does not make the residence a proper place for the physical safety of children, a fact admitted by the magistrate when custody was granted to Valerie. Given this fact, the trial court should give the same consideration when determining whether to allow the children to remain in the home for the entire summer vacation.[2] Since the assignment of error is supported by the facts alleged by Valerie and Clark has filed no brief in opposition, the first assignment of error is sustained.
 {¶ 5} Next, Valerie claims that the trial court erred in requiring her to pay one half of the marital debt. A review of the judgment reveals that Clark receives $500 per month in disability income. Valerie receives $584 per month in Social Security Supplemental and Disability Income. Valerie also receives a check of $172 per month support from the state for the children and $114 from Clark as child support. During the summer visitation, Valerie is to return the $114 in child support to Clark due to his extended visitation. Thus, Clark has an approximate annual income of $6,342. Valerie has an approximate annual income of $10,098. During the property division, Clark received the marital residence,[3] the vehicles, his personal possessions, and the bank accounts in his name. Valerie was awarded her personal possessions, her motorized wheelchair, and the bank accounts listed in her name individually. No values were provided for any of these assets or any of the marital debts. Without any sort of values, this court lacks any ability to determine if said property division is fair and equitable. The second assignment of error is sustained.
 {¶ 6} The judgment of the Court of Common Pleas of Crawford County is reversed and the matter is remanded for further proceedings.
Judgment Reversed and Cause Remanded.
 Shaw and Cupp, J.J., concur.
[1] This court is disturbed by a court of law explaining away a criminal conviction against one's spouse as discipline due to the spouse's limited mental abilities. If the person is mentally at a level where they can make the decision to enter into a marriage, they are entitled to be treated as any other spouse. Thus, the use of physical violence to "discipline" a spouse is inappropriate and the basis for the domestic violence conviction.
[2] Of interest is the fact that during the summer visitation while Clark has custody, Valerie is not granted the same extended visitation that Clark has during the school year. While he has visitation every week and almost every weekend, Valerie was granted Rule 25 weekend and holiday parenting time. She may have one week's vacation during those three months provided that she provide Clark with 60 days advance written notice.
[3] Clark reportedly inherited the property with his siblings. No deed is found to indicate true ownership.